IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 20-70485-JAD |
| BRENDA ARTHURS | : | Chapter 13 |
| Debtor. | : | |

| | | |
|---|---|---|
| 1ST SUMMIT BANK | : | |
| Movant | : | Hearing Date:  October 30, 2020 |
| v. | : | Hearing Time:  11:00 a.m. |
| BRENDA ARTHURS | : | Chapter 13 |
| And | : | |
| RONDA J. WINNECOUR (Trustee) | : | |
| Respondents | : | |

## MOTION FOR RELIEF
## FROM AUTOMATIC STAY

AND NOW, comes 1ST SUMMIT BANK, by and through its attorneys, Kaminsky, Thomas, Wharton, Lovette & Vigna, and files the within Motion for Relief from Automatic Stay provision of Section 362 of the United States Bankruptcy Code, and in support thereof, states the following:

1. The above-named Debtor, Brenda Arthurs, filed a Petition under Chapter 13 of the Bankruptcy Code with this Court under the above case number on September 17, 2020.

2. Movant, 1ST SUMMIT BANK, is the Plaintiff in an Action for Ejectment against Debtor, Alice Semsick, and Kenneth Arthurs filed in Indiana County Court of Common Pleas ("Indiana County Court") to No. 10995 CD 2020 regarding

possession of real property known as 566 Philadelphia Street, Indiana, Pennsylvania ("the Property").  Movant is the owner of the Property having purchased the Property at Sheriff's Sale following a mortgage foreclosure action against Alice Semsick.   A true and correct copy of Movant's deed to the Property is incorporated herein and attached hereto as **Exhibit 1**.

3. Movant received a default judgment against Debtor's co-defendants, Alice Semsick and Kenneth Arthurs on July 21, 2020, however, Debtor filed an Answer to the Complaint with the Indiana County Court.

4. Following Debtors filing of an Answer, Movant filed a Motion for Judgment on the Pleadings which was set for Argument before the Indiana County Court on September 15, 2020.

5. On September 17, 2020 before the Indiana County Court had issued a decision on the motion, Debtor filed the present bankruptcy case.

6. Debtor has failed to assert any legitimate claim to possession of the Property.

7. No contract, lease or other agreement exists between Movant and Debtor.

8. As the record owner of the Property, Movant has a valid right to possession superior to any claim by the Debtor.

9. Movant faces risk of loss from potential damage to the Property which Debtor currently possesses and utilizes.

10. Movant has cause to have the Automatic Stay terminated as to permit Movant to proceed with state court action for Ejectment.

11. Movant specifically requests permission from this Honorable Court to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law.

12. Movant requests that the Court waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's Order.

WHEREFORE, Movant, 1ST SUMMIT BANK, respectfully requests that after notice and hearing, the Court grant relief from the Automatic Stay Provisions of 11 U.S.C. 362 by terminating same so as to permit the Movant, its successors or assignee's, to take any legal or consensual action for enforcement of its right to possession of real property known as 566 Philadelphia Street, Indiana, Pennsylvania and to grant such other and further relief as the Court may deem just and proper.

    Respectfully submitted,

    Kaminsky, Thomas, Wharton, Lovette & Vigna

    By    /s/ Leonard P. Vigna
           Leonard P. Vigna
           Attorney for Movant
           PA ID # 202318
           360 Stonycreek Street
           Johnstown, PA  15901
           (814)535-6756
           lpv@ktwllaw.com